## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

_____

NAKIA CHANEY,

                                 Plaintiff,

        vs.                                No. 9:13-CV-251
                                                (DNH/ATB)

DOMINIC D'AGOSTINO, *et al.*,

                                 Defendants.

_____

NAKIA CHANEY, Plaintiff *Pro Se*
JONATHAN M. BERNSTEIN, ESQ., Attorney for Defendant D'Agostino
KEVIN M. HAYDEN, Ass't Att'y Gen., for Defendant Masiello

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

     In this civil rights action, plaintiff alleges that defendants improperly failed to give him credit, against a criminal sentence, for time previously served in Schenectady County Jail ("SCJ"), causing him to be wrongfully confined by the New York Department of Correctional and Community Services ("DOCCS") beyond his legal conditional release date. (Compl., Dkt. No. 1 at 7).[1] The complaint asserts that defendants, in their individual and official capacities, thereby violated plaintiff's Eighth Amendment right to be free of cruel and unusual punishment and his Fourteenth Amendment right not to be deprived of liberty without due process of law. (Compl. at 10). Plaintiff seeks millions of dollars in damages for the approximately four months that he was detained beyond his claimed merit release date, as well

_____

[1] Because the pages in plaintiff's complaint are not consecutively numbered, the court will refer to the page numbers reflected in the header placed on the document upon filing by the CM-ECF electronic docketing system.

substantial consequential and punitive damages. Defendant Dominic D'Agostino, the Schenectady County Sheriff, and defendant Kathleen Masiello, an Inmate Records Coordinator at DOCCS' Wallkill Correctional Facility ("Wallkill") filed crossclaims against each other for contribution and indemnification. (Dkt. Nos. 21, 25).

Defendant D'Agostino has filed a motion for summary judgement, under Fed. R. Civ. P. 56, and for a judgment on the pleadings, under Rule 12(c), seeking dismissal of all of plaintiff's claims and the co-defendant's crossclaim. (Dkt. No. 34). Plaintiff filed a response in opposition to defendant D'Agostino's motion (Dkt. No. 43); the defendant filed a reply (Dkt. No. 45); and plaintiff submitted a sur-reply (Dkt. No. 47), to which both defendants objected (Dkt. Nos. 48, 50). Defendant Masiello also filed a summary judgment motion seeking dismissal of plaintiff's claims (Dkt. No. 40), to which plaintiff did not respond. Both motions were referred to me, by United States District Judge David N. Hurd, for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

For the reasons discussed below, this court concludes that defendants' summary judgment motions should be granted because the plaintiff was not improperly deprived of jail time credit by the defendants, or, in the alternative, because the defendants are entitled to qualified immunity. According, I recommend that plaintiff's complaint be dismissed in its entirety.

## DISCUSSION

### I.   Overview of Relevant Facts and Procedural History

Following a guilty plea to criminal sale of a controlled substance in the 5th degree in Rensselaer County Court, plaintiff, on January 4, 2006, received a 1.5 year

determinate sentence, as a second felony offender, with one year of post release supervision. (Bernstein Aff., Ex. I, Dkt. No. 34-10). Plaintiff was released on parole on the Rensselaer County charge in or about January 2007, with a post-release supervision maximum expiration date of November 2, 2007. (Bernstein Aff., Ex. N, Dkt. No. 34-15).[2] On March 1, 2007, while on parole, plaintiff was arrested and charged, in Schenectady County, with criminal sale of a controlled substance in the third degree. (Pl.'s Art. 78 Petit. ¶¶ 5-6, Dkt. No. 34-7 at 3). Plaintiff's parole was not revoked as a result of the new charge. (Pl.'s Art. 78 Petit. ¶ 7; Dkt. No. 1-1 at 14). On January 31, 2008, plaintiff was sentenced on the Schenectady County charge, as a second felony offender, to a determinate term of five years, with three years of post-release supervision. (Bernstein Aff., Ex. G, Dkt. No. 34-8 at 3; Dkt. No. 1-1 at 2).

Plaintiff was confined at the SCJ from March 1, 2007 through February 5, 2008, for a total of 341 days, before being transferred into DOCCS custody. (Pl.'s Art. 78 Petit. ¶ 9; Bernstein Aff., Ex. G, Dkt. No. 34-8 at 3). In a Sentence & Commitment Statement dated February 5, 2008, the SCJ certified that plaintiff was entitled to have the 341 days spent in local custody credited against his sentence on the Schenectady County charge. (Dkt. No. 1-1 at 4). Plaintiff alleges that, on July 20, 2010, the Parole Board granted him a September 13, 2010 merit release date, presumably based in part on the jail time credit granted by the SCJ. (Pl.'s Art. 78 Petit. ¶ 11; Dkt. No. 1-1 at 7).

In August 2010, defendant Masiello, the Inmate Records Coordinator at the DOCCS facility where plaintiff was then confined, did a routine review of the jail time

---

[2] In his Article 78 petition (¶ 6), plaintiff acknowledges that his parole term on this conviction did not "fully expire until November 2, 2007." (Bernstein Aff., Ex. F, Dkt. No. 34-7 at 3).

credit calculation for plaintiff because of his scheduled release date of September 13, 2010. (Masiello Decl. ¶¶ 11-21, Dkt. No. 40-1). She concluded that, pursuant to New York Penal Law § 70.30, the 246 days that plaintiff was confined in the SCJ prior to the November 2, 2007, maximum expiration date for his post-release supervision on the Rensselaer County sentence should have been credited against that prior supervised release term and, thus, could not also be credited towards his sentence on the subsequent Schenectady County charge. (Masiello Decl. ¶¶ 18-21). After confirming her conclusion with the DOCCS Office of Sentencing Review, which is ultimately in charge of DOCCS' review of inmate jail time credits, defendant Masiello advised the SCJ, by letter dated August 3, 2010, that plaintiff was not entitled to credit, against his Schenectady County sentence for the time period between March 2, 2007 and November 2, 2007. (Masiello Decl. ¶¶ 16, 22-25; Dkt. No. 1-1 at 6). The SCJ, whose Sentencing & Commitment Statement control DOCCS' determination of the appropriate release date, responded with an amended statement on August 3, 2010, reducing the number of days credited against plaintiff's Schenectady County sentence by 246 days, to 95 days. (Masiello Decl. ¶¶ 26, 36; Dkt. No. 1-1 at 5).

On August 9, 2010, defendant Masiello advised plaintiff of the reduction in jail time credits by the SCJ, which would cause a corresponding delay in his merit release eligibility date. (Masiello Decl. ¶¶ 27-28 & Ex. B, Dkt. No. 40-3). Plaintiff responded, on September 7th, by providing a partial transcript from his sentencing in Schenectady County, during which the county court judge stated that plaintiff would get "credit from March 1 forward off your sentence of five years." (Masiello Decl. ¶ 29 & Ex. C, Dkt. No. 40-4; Dkt. No. 1-1 at 2-3). After further consultation with the

Office of Sentencing Review, defendant Masiello advised plaintiff that he should consult with his defense attorney, and stated that DOCCS could not change his jail credit dates without an amended Sentence & Commitment Statement from the SCJ. (Masiello Decl. ¶¶ 30-37 & Ex. I, Dkt. No. 40-10).

On September 13, 2010, as a result of various communications from plaintiff and Prisoner's Legal Services, the SCJ again amended its Sentence & Commitment Statement, restoring plaintiff's credit for the full 341 days he was in custody in the SCJ towards his Schenectady County sentence. (Bernstein Aff. ¶ 15, Dkt. No. 34-1 & Ex. J, Dkt. No. 34-11 at 3-4; Dkt. No. 1-1 at16-18). Defendant Masiello consulted with the Office of Sentencing Review and, at their direction, wrote another letter to the SCJ on September 23rd, restating DOCCS' opinion that, under Penal Law § 70.30, plaintiff could not be given jail credit towards his Schenectady County sentence for the period of incarceration credited to the remaining term of post-release supervision on the Rensselaer County sentence, through the maximum expiration date of November 2, 2007. Schenectady County responded, on September 23, 2010, by filing another amended Sentence & Commitment Statement giving plaintiff credit, against his Schenectady County sentence, of only the 95 days served in the SCJ after the expiration of his term of post-release supervision on the Rensselaer County sentence. (Masiello Decl. ¶¶ 38-42; Bernstein Aff., Ex. J, Dkt. No. 34-11 at 5-7). As a result of the reduction of his jail time credits on the Schenectady County sentence, plaintiff's conditional release date was extended, and he forfeited his merit release date of

September 13, 2010.  (Dkt. No. 1-1 at 7-8).[3]

A decision of the Appellate Division, Third Department, on July 25, 2013 with respect to a subsequent state habeas corpus motion filed by plaintiff, stated: "[Nakia Chaney], believing that he had not received the appropriate amount of jail time credit (alleged to be 341 days), sought relief from the County Court and, [on] September [30,] 2010, County Court re-sentenced defendant [as a second felony offender] to 4 ½ years in prison followed by three years of post[-]release supervision."  (Bernstein Aff., Ex. L, Dkt. No. 34-13 at 2-3; *see also* Ex. G, Dkt. No. 34-8 at 3).[4]  As a result of the sentencing reduction, plaintiff's merit eligibility date was reset from on or about May 19, 2011 to January 11, 2011, and he was released to post-release supervision on January 11, 2011.  (Masiello Decl. ¶¶ 43-45, Ex. K, Dkt. No. 40-12, & Ex. L, Dkt. No. 40-13; Bernstein Aff., Ex. G, Dkt. No. 34-8 at 3).  Plaintiff's parole was revoked as a result of a violation on March 19, 2012; a 12-month delinquent time assessment was imposed; and he was returned to DOCCS custody on July 19, 2012.  (Bernstein Aff., Ex. G, Dkt. No. 34-8 at 3-4).

Plaintiff filed an Article 78 petition against defendant D'Agostino in state court on December 20, 2010, challenging the reduction in jail time credit applied to plaintiff's sentence on the Schenectady County charge.  (Bernstein Aff., Ex. F, Dkt.

---

[3] A letter from plaintiff to DOCCS indicates that his merit release date was extended to on or about May 19, 2011, as a result of the reduction in his jail time credits.  (Masiello Decl., Ex. K, Dkt. No. 40-12).

[4] The July 25, 2013 Appellate Division opinion is reported at 108 A.D.3d 982 and 2013 N.Y. App. Div. LEXIS 5392.  Ex. G is the October 24, 2012 decision of the Supreme Court, Franklin County, denying plaintiff's state habeas corpus motion.  It is reported at 2012 N.Y. Misc. LEXIS 5384.

No. 34-7). On November 14, 2012, that petition was dismissed as moot by the Schenectady County Court because, by amended certificate dated September 20, 2012, the SCJ increased petitioner's jail time credit to 342 days, providing plaintiff with the relief he requested. (Dkt. No. 1-1 at 11-12; Bernstein Aff., Ex. J, Dkt. No. 34-11 at 15).[5]

On December 27, 2010, plaintiff filed a claim against the State of New York in the Court of Claims, alleging that DOCCS improperly reduced his jail time credits with respect to the Schenectady County sentence, and confined him beyond his legal conditional release date. On June 9, 2011, the Court of Claims dismissed plaintiff's claim for wrongful confinement as premature because he was still in DOCCS custody. The court also held that "[e]ven assuming an erroneous computation by the Sheriff's Office, the State may not be held liable as 'it is now well settled that prison officials are conclusively bound by the contents of commitment papers accompanying a prisoner and that they cannot add to or detract therefrom.'" (Dkt. No. 1-1 at 7-9 (citations omitted)).

Plaintiff also filed a state habeas corpus proceeding against the State of New York in September 2012 challenging his continued incarceration based on the improper denial of jail time credit relating to his Schenectady County sentence. On October 24, 2012, the Supreme Court in Franklin County noted that DOCCS officials

---

[5] DOCCS continued to take the position that plaintiff should not receive jail time credit, under Penal Law § 70.30, for the 246 days served in the SCJ before the maximum expiration date of plaintiff's term of post-release supervision on the Rensselaer County charge. But, after going back and forth several additional times, the SCJ ultimately credited plaintiff with the full period requested, plus, inexplicably, one additional day. (Bernstein Aff., Ex. J, Dkt. No. 34-11 at 11-15).

were bound by the County Sheriff's most recent certification of jail time credits, which awarded plaintiff 342 days. (Bernstein Aff., Ex. G, Dkt. No. 34-8 at 3). The court stated however that "[s]ince the sheriff is not a party to this proceeding, . . . the Court is not in position to rule on the propriety of the 342-day certification and must therefore conduct its review of the calculation of petitioner's relevant release dates with 342 days of jail time credit factored in." (*Id*.) The court concluded that, even with the 342 days of jail time credit, plaintiff was not entitled to be released because of the 12-month period of delinquency time assessed against him as a result of his parole violation in March 2012. (*Id*. at 3-5).

Plaintiff's appeal of the denial of his habeas corpus proceeding provides some insights as to the position of Schenectady County officials with respect to plaintiff's 2008 sentence. In a letter dated March 15, 2013, the Schenectady County District Attorney advised the Appellate Division, Third Department, that he did not oppose Nakia Chaney's efforts "to reverse the decision of the Schenectady County Court . . . dated September 30, 2010, which reduced his prison term by six months instead of 341 days." (Dkt. No. 47 at 3).[6] The District Attorney continued, "[Nakia Chaney] and the court entered the guilty plea in 2008 on the understanding that the full time would be credited to his sentence." (*Id.* (quoting from the 1/31/2008 sentencing transcript)). This letter indicates that Schenectady County officials supported plaintiff's legal efforts to reduce the time served on his 2008 sentence for equitable reasons, because

---

[6] Both defendants objected to plaintiff's belated submission of the District Attorney's letter in his unauthorized sur-reply. Given plaintiff's pro se status and the failure of the defendants otherwise to address why Schenectady County officials ultimately supported plaintiff's efforts to reduce his time served on his Schenectady County sentence, the court will consider plaintiff's submission.

the court and the parties had erroneously assumed that the court could provide plaintiff with jail credits for the entire time he was in the SCJ's custody, contrary to Penal Law § 70.30. The September 2010 re-sentencing may also have reflected the County Court's realization that he could not reduce the time served by plaintiff by granting him the full 341 days of jail time credit, in violation of Penal Law § 70.30; thus, the court reduced plaintiff's sentence instead.[7]

Notwithstanding the District Attorney's submission, the Third Department did not adopt plaintiff's argument that "the manner in which the asserted jail time credit ultimately was allocated between the sentence at issue and a preexisting period of incarceration violated the terms of the underlying plea agreement, thereby depriving him of the benefit of his plea bargain." (Bernstein Aff., Ex. L, Dkt. No. 34-13 at 3). In remanding the matter to the Supreme Court, the Appellate Division noted that the record did not include a copy of the subject plea agreement, and that Nakia Chaney did not attempt to withdraw his guilty plea or vacate the judgment based on the alleged violation of a plea bargain between the parties. (*Id*.) None of the parties have advised this court of any further action with respect to plaintiff's state-court habeas

---

[7] None of the parties have submitted the court records relating to the re-sentencing by the Schenectady County Court Judge, which might confirm that the court reduced plaintiff's sentence because the judge realized that he could not have given plaintiff credit for the full time served in the SCJ under Penal Law § 70-30. The county court's reduction of plaintiff's sentence to 4 ½ years apparently reflected the terms of the plea agreement, which left it to the court's discretion to impose a determinate sentence of between 4 ½ and 5 ½ years. (*See* Tr. of 1/31/2008 Sentencing of Nakia Chaney, at 2-3 (confirming an agreed-upon range for sentencing of between a minimum of 4 ½ and a maximum of 5 ½ years), *Chaney v. Amado*, No. 9:10-CV-1514 (GLS), Dkt. No. 11-12 at 129-30). The court believes that it can take judicial notice of the complete transcript of the original sentencing of plaintiff from the record of his federal habeas corpus action in this district. Unfortunately, the record of that case did not include a transcript of plaintiff's re-sentencing in Schenectady County Court in September 2010.

corpus motion on remand. It is worth noting that none of the state courts addressing plaintiff's various proceedings relating to the reduction of his jail time credits have opined that the reduction was inconsistent with Penal Law § 70.30, notwithstanding the concession of Schenectady County officials.

## II. <u>Generally Applicable Legal Standards</u>

### A. **Summary Judgment**

Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006). "Only disputes over ["material"] facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, in

10

determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin v. Goord*, 467 F.3d at 272.[8]

## B.     Illegal Detention und the Eighth Amendment

Courts within this circuit and elsewhere have held, that detention beyond that authorized by law may violate the Eighth Amendment prohibition on cruel and unusual punishment. *See, e.g., McCants v. Jones*, No. 98-CV-6337, 1999 WL 804009, *2 (W.D.N.Y. Sept. 30, 1999) (citing *Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989)). *See also Calhoun v. N.Y. State Div. of Parole Officers*, 999 F.2d 647, 654 (2d Cir. 1993) (assuming that detention of a prisoner beyond the end of his term could violate the Eighth Amendment in appropriate circumstances, but finding no violation). Under the Eighth Amendment, in order to establish a constitutional violation, plaintiff must show that the deprivation is a sufficiently serious one. *Calhoun*, 999 F.2d at 654. The prison must have had official had knowledge of the problem and of the risk that unwarranted punishment was being or would be inflicted. *Ford v. Conway,* No. 03-CV-927, 2009 WL 1924748, *6 (W.D.N.Y. July 1, 2009). Plaintiff must also establish that the official either failed to act, or took only ineffectual action under

---

[8] This court will evaluate defendants' motions under Rule 56 summary judgment standards, and finds it unnecessary to consider the arguments of defendant D'Agostino, in the alternative, under the standards of Fed. R. Civ. P. 12(c) for a judgment on the pleadings. "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). Thus, while the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-movant, *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010), "[t]o survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) .

circumstances indicating that he or she was deliberately indifferent to the inmate's problem. *Id.* (citing *McCants*, 1999 WL 804009 at *2). Finally, the inmate must demonstrate a causal connection between the official's response and the infliction of the unlawful detention. *Id.*

## C. Due Process

A prisoner whose early effective release date has been set by a Parole Board has a protectable liberty interest in being released on that date. *Calhoun v. New York State Div. of Parole Officers*, 999 F.2d at 653 (citing *Green v. McCall*, 822 F.2d 284, 287-90 (2d Cir. 1987)). Due process requires that the plaintiff have an opportunity to be heard "at a meaningful time and in a meaningful manner." *Calhoun*, 999 F.2d at 653 (citing, *inter alia*, *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotations omitted). When reviewing a due process claim, the court must distinguish between claims based on established state procedures and claims based upon random, unauthorized acts by state employees. *Peterson v. Tomaselli*, 469 F. Supp. 2d 146, 165 (S.D.N.Y. 2007) (citing *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996)). A deprivation caused by a random and unauthorized act does not violate procedural due process so long as the government provides a meaningful post-deprivation remedy. *Id.* (quoting *Locurto v. Safir*, 264 F.3d 154, 172 (2d Cir. 2001)).

## D. Qualified Immunity

Qualified immunity generally protects governmental officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457

U.S. 800, 818 (1982).  In evaluating whether a right was clearly established at the time

a civil rights defendant acted, the court must determine: "(1) whether the right in

question was defined with 'reasonable specificity'; (2) whether the decisional law of

the Supreme Court and the applicable circuit court support the existence of the right in

question; and, (3) whether under pre-existing law a reasonable defendant official

would have understood that his or her acts were unlawful." *African Trade &*

*Information Center, Inc., v. Abromaitis*, 294 F.3d 355, 360 (2d Cir. 2002) (citations

omitted).  Even if the constitutional privileges are clearly established, a government

actor may still be shielded by qualified immunity "if it was objectively reasonable for

the public official to believe that his acts did not violate those rights." *Kaminsky v.*

*Rosenblum*, 929 F.2d 922, 925 (2d Cir. 1991).

## III.  Analysis

### A.    The Jail Time Credit Calculation/Qualified Immunity

Section 70.30(3) of the New York Penal Law provides, in pertinent part:

> The term of . . . a determinate sentence,  . . . imposed on a person shall be
> credited with and diminished by the amount of time the person spent in custody
> prior to the commencement of such sentence as a result of the charge that
> culminated in the sentence. . . .  **The credit herein provided** shall be calculated
> from the date custody under the charge commenced to the date the sentence
> commences and **shall not include any time that is credited against the term
> or maximum term of any previously imposed sentence or period of
> post-release supervision to which the person is subject**.

New York Penal Law § 70.30(3) (emphasis added).  Numerous appellate cases from

New York have held that, under Section 70.30(3), an inmate who is arrested on new

charges while on parole as a result of a prior conviction, is not entitled to credit for

time served, prior to being sentenced on the new charges, for any period before the

expiration of the term of post-release supervision on the prior charges, even if the inmate's parole was never revoked. *See, e.g.*, *Brown v. Apple*, 119 A.D.3d 1295, 990 N.Y.S.2d 362 (3d Dep't 2014) (state prison inmate, who was arrested on new charges while on parole following a prior conviction, was not entitled to jail time credit against the sentence on the new charges for time spent in local custody before sentencing, even though the Division of Parole did not declare the defendant delinquent and never initiated revocation proceedings, because that local custody time was credited towards the unexpired period of the prior sentence) (citing Penal Law § 70.30(3)) (collecting cases);[9] *Santiago v. Germain*, 121 A.D.3d 1479, 995 N.Y.S.2d 648 (3d Dep't 2014) (defendant was not entitled to credit for time spent in custody following his arrest on new charges while on parole on a prior convictions until he reached the maximum parole expiration date on the prior convictions, even though his parole was never revoked); *Graham v. Walsh*, 108 A.D.3d 1230, 969 N.Y.S.2d 707 (4th Dep't 2013) (individual was not entitled to credit against his later sentence for jail time that was credited against a previous sentence through the maximum parole expiration date, even though no parole violation proceedings were commenced; any jail time served prior to the maximum expiration date of the previous sentence was properly credited toward that sentence, and thus the later sentence was properly credited only with jail time served after expiration of previous sentence) (citing Penal

---

[9] The panel in *Brown v. Apple* distinguished *Matter of Sparango v. New York State Bd. of Parole*, 132 A.D.2d 881, 518 N.Y.S.2d 75 (3d Dep't 1987), *aff'd as modified*, 71 N.Y.2d 943, 528 N.Y.S.2d 817 (1988), upon which plaintiff relied in this case. It should also be noted that *Sparango* is not controlling here because it was decided before the 1998 amendment to § 70.30(3), which added the explicit provision barring credit for jail time credited to a previous period of post-release supervision. See McKinney's Penal Law § 70.30, Historical and Statutory Notes.

Law § 70.30)).  Based on this authority, it is clear that, even though the Division of Parole never sought to revoke plaintiff, the defendants correctly concluded, in September 2010, that plaintiff was not entitled to credit towards his Schenectady County sentence for the first 246 days he spent in the SCJ, before the maximum parole expiration date on his Rensselaer County sentence.[10]

Plaintiff has argued that he was entitled to jail time credit for the entire 341 days he was confined in the SCJ because the sentencing judge in Schenectady County had directed, on January 31, 2008, that plaintiff receive such credit, and because DOCCS and the SCJ were not free to ignore the court's direction.  However, "[t]he calculation of [a] defendant's sentence, including its commencement date and the amount of jail time, if any, to be credited against the sentence, is governed by Penal Law § 70.30,

---

[10] Plaintiff appears to have misinterpreted his communications with the New York State Division of Parole to support his arguments that his jail time credits were improperly reduced. (Dkt. No. 1-1 at 13-14, 16; Bernstein Aff., Ex. F, Dkt. No. 34-7 at 4).  On August 23, 2010, a Parole Office advised plaintiff:

> You were under parole supervision at the time of your arrest for the present offense.  At the time you were close to your "maxing out date".  The Division of Parole chose not to violate you . . . .  No parole warrant was lodged against you.  You were allowed to "Max Out."
>
> Your amended time computation was the result of IRC receiving an amended jail certificate.  Therefore, you should address your questions to the . . . . Schenectady County Sheriff's Office . . . .

(Dkt. No. 1-1 at 14).  Nothing stated by the Parole Officer is inconsistent with the requirement, under Penal Law § 70.30, that the time during which plaintiff was confined in SCJ before he "maxed out" on the parole term on his Rensselaer County sentence would be credited towards his Rensselaer County sentence, but not his Schenectady County sentence.  Plaintiff also misinterprets a notice from the Division of Parole which discusses when "delinquent time" would be added to a new determinate sentence. (Dkt. No. 1-1 at 13).  As is clear from the decision of the Franklin County Court denying plaintiff's state habeas corpus motion, a "delinquent time assessment" is a distinct consequence of a parole violation that is not related to the jail time credit determination under Penal Law § 70.30.  (Bernstein Aff., Ex. G, Dkt. No. 34-8 at 5 (plaintiff's "delinquent time assessment is wholly unrelated to, and therefore unaffected by, the amendment to the certification of his entitlement to jail time credit.")).

and [a sentencing] court lack[s] authority to bypass the provisions of that statute."
*People v. Johnson*, 292 A.D.2d 803, 738 N.Y.S.2d 632 (4th Dep't 2002) (vacating the
sentencing court's directive that the sentence run "nunc pro tunc" from the date of the
defendant's first confinement because such jail time credit could not be granted under
Section 70.30) (citing *People v. Linares*, 174 A.D.2d 847, 571 N.Y.S.2d 348 (3d Dep't
1991), lv. denied, 78 N.Y.2d 969, 574 N.Y.S.2d 949 (Table) (1991) ("since credit for
jail time in defendant's circumstance is provided for by statute (see, Penal Law §
70.30 [3]), no promises could have been made [by the sentencing court] and our
review reveals that none in fact were made")).

　　　Some of the authority cited above makes it clear that it is appropriate for a
County Sheriff to correct a certification of jail time credit that is contrary to Penal Law
§ 70.30 in response to an inquiry by DOCCS. *See, e.g.*, *Brown v. Apple*, 119 A.D.3d
1295, 990 N.Y.S.2d at 363 (upon inquiry by DOCCS many years after the sentence,
the Sheriff reduced the inmate's jail time credits); *Graham v. Walsh*, 108 A.D.3d
1230, 969 N.Y.S.2d 707 (after receiving a letter from DOCCS, the Sheriff issued an
amended certification reducing the inmate's jail time credits). There is also relevant
New York authority indicating that prison officials need not follow the directives of a
sentencing court to provide jail time credits when doing so would be contrary to Penal
Law § 70.30, even if that directive has not been formally overturned by an appropriate
court. *See, e.g., People v. Paccione*, 29 Misc.3d 1206(A), 958 N.Y.S.2d 309 (Table),
2010 WL 3892259, at *5-6 (Sup. Ct., Kings Cty. 2010) (the statements by the
sentencing court the defendant was entitled to jail time credit were in contravention of

Penal Law § 70.30 and were therefore of "no legal import"; "**[u]nderstandably, those references were given no effect by the Department of Correctional Services**") (emphasis added). *See also See Torres v. City of N.Y.*, No. 94-civ-4604, 1996 WL 434535, at *3 (S.D.N.Y. Aug. 2, 1996) (holding that a parole violator was not entitled to parole jail time credit under Penal Law § 70.40, even though the sentencing judge characterized the parole revocation sentence as "concurrent" with a prior sentence); *Cf. Matter of Midgley v Smith*, 63 A.D.2d 223, 226, 407 N.Y.S.2d 283 (4th Dep't 1978) (stating, in dicta, that Penal Law Section 70.30 "regulates the calculation of sentences by correction officials **when the sentencing court has not provided otherwise**") (emphasis added).[11]  As discussed above, when the Schenectady County Court Judge reduced plaintiff's sentence on September 30, 2010, it seems likely that he did so because he recognized that he could not provide plaintiff with jail time credit for the

---

[11] As counsel for defendant Masiello argues in his brief (at 5-6, Dkt. No. 40-15), *Midgley* is distinguishable from the instant case. *Midgley* held that, when a sentencing judge has the discretion under state law to order that sentences on two convictions be served concurrently, prison authorities are required to determine release dates based on the court's judgment, even if that would have the effect of giving the inmate jail time credits that he would not otherwise be entitled to under Penal Law § 70.30(7).  In this case, the Schenectady County Judge did not have the authority to order that plaintiff's sentence run concurrently with the prior, undischarged Rensselaer County sentence.  The plaintiff was sentenced as a second felony offender and was "subject to an undischarged indeterminate or determinate sentence of imprisonment imposed prior to the date on which the present crime was committed."  Penal Law §§ 70.25(2-a), 70.06.  In such cases, "the court must impose a sentence to run consecutively with respect to such undischarged sentence."  Penal Law § 70.25(2-a).  The defendant in *People v. Johnson*, 292 A.D.2d 803, 738 N.Y.S.2d 632, was similarly sentenced as a second felony offender for a new offense committed while the defendant was subject to an undischarged sentence on a prior felony.  The Appellate Division in *Johnson* held that the sentencing judge was required to run the new sentence consecutively under Penal Law § 70.25(2-a) and that the sentencing judge lacked the authority to bypass the requirements of Section 70.30, which governed the computation of the defendant's jail time credits.  *Id.*  As in *Johnson*, the Schenectady County sentencing court improperly tried to modify plaintiff's jail time credit, in contravention of Section 70.30.

entire 341-day period he was confined in the SCJ.  In any event, given the lack of

clear authority as to whether the prison officials responsible for calculating jail time

credits could disregard the directives of a court that an inmate should be provided

credits in clear contravention of Penal Law § 70.30, the defendants would, at a

minimum, be entitled to qualified immunity.[12]  Under the authority discussed above, it

would have been objectively reasonable for the prison officials responsible for

reducing plaintiff's jail time credits in September 2010, to the extent they were clearly

not allowed by Penal Law § 70.30, to believe that they were not violating any of

plaintiff's clearly established federal constitutional rights, notwithstanding the fact

---

[12] Well after September 2010  apparently for the first time in connection with his state
habeas corpus motion  plaintiff raised the argument that his jail time credits could not be reduced
because that would deprive him of the benefit of his plea bargain in connection with the
Schenectady County charge.  (Bernstein Aff., Ex. L, Dkt. No. 34-13 at 3).  As discussed above,
the Schenectady County District Attorney conceded, in 2013, that the judge and the parties
involved with plaintiff's guilty plea in 2008 understood that all of plaintiff's prior time in the
SCJ would be credited to his sentence.  (Dkt. No. 47 at 3).  Nonetheless, the Appellate Division,
Third Department concluded that the record did not support plaintiff's argument that he was
deprived of the benefit of his plea bargain, in the absence of the plea agreement and because
plaintiff had never moved to withdraw his guilty plea based on the reduction of his jail time
credits.  (*Id.*)  In any event, there is legal authority indicating that a promise that a criminal
defendant would get jail time credit to which he was not entitled under Penal Law § 70.30 could
not be a valid term of a plea agreement.  *See, e.g., People v. Linares*, 174 A.D.2d at 848, 571
N.Y.S.2d 348 ("since credit for jail time in defendant's circumstance is provided for by statute
(see, Penal Law § 70.30 [3]), no promises [with respect to his jail time credits] could have been
made" in connection with the plea bargain).  Cf. *Matter of Midgley v Smith*, 63 A.D.2d 223, 226,
407 N.Y.S.2d 283 (a concurrent sentence that is the result of a plea bargain approved by the
sentencing court must be enforced).  As discussed in the prior note, *Midgley* is distinguishable
from the instant case because it involved a situation where the court had the discretion to order a
concurrent sentence that affected an inmate's release date, not a jail credit issue under Penal Law
§ 70.30.  Given the absence of clear authority as to whether plaintiff could have been entitled to
jail time credits, beyond that allowed by Penal Law § 70.30, as part of a plea bargain, the
defendants would be entitled to qualified immunity even if plaintiff had argued that he was
denied the benefit of his plea bargain in September 10, 2010, when his jail time credits were
reduced.

that the sentencing judge erroneously stated that plaintiff was entitled to such credit.[13]

Although it involved somewhat different issues relating to the determination of release dates for New York inmates, *Sudler v. City of New York*, 689 F.3d 159 (2d Cir. 2012), *cert. denied*, __ U.S. __, 133 S. Ct. 2777 (2013), clearly supports a grant of qualified immunity for the defendants in this case on all federal constitutional claims. *Sudler* held that prison officials were entitled to qualified immunity on inmates' claims that their procedural due process rights were violated[14] when prison officials failed promptly to afford them PJT (parole jail time) credits for the time served in local custody on sentences ordered by the court to run concurrently with undischarged parole revocation sentences. In coming to that conclusion, Judge Livingston

---

[13] DOCCS officials, including defendant Masiello, were completely consistent in their position that plaintiff was not entitled to jail time credit for the first 246 days he was in the custody of the SCJ. Obviously, the officials from the SCJ who issued jail time certificates for plaintiff between 2010 and 2012 frequently changed their calculations back and forth, and ultimately agreed to give plaintiff jail time credit for the full 341-day period he was confined there. As discussed above, the ultimate concessions by Schenectady County officials relating to plaintiff's sentence in that county may have been motivated by equitable considerations, as opposed to a legal determination that plaintiff was entitled to the jail time credits. *See Torres v. City of N.Y.*, 1996 WL 434535, at *4 (because the record gives no indication of the reasoning the Division of Parole used in eventually crediting plaintiff with 357 days of parole jail credits, there is no basis to argue that the Division of Parole itself concluded that plaintiff's sentences on a new conviction should have run concurrently with the unexpired term on a prior sentence, as the sentencing court ordered). In any event, qualified immunity is determined based on an objective standard and, based on the New York authority applying Penal Law § 70.30, it was objectively reasonable for the defendants to conclude that plaintiff was not entitled to jail time credit for the entire 341-day period and, thus, was not entitled to release on September 13, 2010.

[14] *Sudler* acknowledged that an Eighth Amendment claim might have also been asserted in that case, but the plaintiffs never did so. *Sudler*, 689 F.3d at 169 n. 11. In my view, the *Sudler* court's reasoning with respect to qualified immunity would have applied equally to an Eighth Amendment claim if one had been asserted in that case. At the time of the appeal in *Sudler*, the only remaining defendants were state prison officials, but the Second Circuit held that the local jail officials originally named as defendants would also have been entitled to qualified immunity. *Id*. at 178.

considered a line of cases including *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006),[15] that "stand[s] for the proposition that administrative authorities have 'no . . . power to alter a sentence,' because '[t]he imposition of a sentence is a judicial act; only a judge can do it.'" *Sudler*, 689 F.3d at 171 (quoting *Early*, 451 F.3d at 76). The Second Circuit concluded that *Earley* involved the imposition of a sentence in a single case and did not provide clear authority as to whether a due process violation could be found in cases, like the instant action, involving prison administrators' "calculation of release dates when multiple sentences are at issue." *Sudler*, 689 F.3d at 171, 175, 176-77). The court also noted that, when state court cases continue to find that the challenged practice of prison officials in calculating release dates is lawful, a court "cannot fairly say that the illegality of failing to afford such credit should have been apparent to reasonable prison officials." *Id.* at 176-77 & n.22. As discussed above, at least some New York cases indicate that prison authorities may deny jail time credit pursuant to Penal Law § 70.30 even if a sentencing judge has incorrectly directed that a defendant receive such credit. Based on *Sudler* and the other authority cited above, both defendants are entitled to summary judgment on qualified immunity grounds.

## B. Other Defense Arguments

The defendants have raised various other arguments supporting their motion for summary judgment, including that the one or both of the defendants were not personally involved in the determination of plaintiff's jail credits, that the defendants did not act with the "deliberate indifference" required to establish an Eighth Amendment claim, and that the defendants could not be sued in their official

---

[15] A petition for rehearing was later denied in *Earley*, 462 F.3d 147 (2d Cir. 2006).

capacities. Given the court's conclusion that the defendants are entitled to summary judgment based on qualified immunity, this court need not address these other arguments.

## C.    Other Possible Claims

The complaint may suggest that plaintiff was asserting a state law claim based on unlawful confinement. As defendant D'Agostino argues, there is no evidence that plaintiff filed a notice of claim against Schenectady County, a condition precedent under New York law to the filing of a tort action against a municipality or any of its agents. (Def. D'Agostino's Mem. of Law at 13-14, Dkt. No. 34-19 (citing, *inter alia*, N.Y. Gen. Mun. Law § 50-e; *Berry v. Village of Millbrook*, 815 F. Supp. 2d 711, 724 (S.D.N.Y. 2011)); Gardner Decl., Dkt. No. 34-6). With respect to defendant Masiello and DOCCS, the New York Court of Claims has already denied plaintiff relief with respect to them. (Dkt. No. 1-1 at 8-9 ("Even assuming an erroneous computation by the Sheriff's Office, the State may not be held liable as 'it is now well settled that prison officials are conclusively bound by the contents of commitment papers accompanying a prisoner . . . .'" (citation omitted)). In any event, if the District Court adopts my recommendation that all of plaintiff's federal constitutional claims should be dismissed, I would recommend that the District Court decline the exercise of supplemental jurisdiction over any possible state law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Sudler*, 689 F.3d at 178, n.5.[16]

**WHEREFORE**, based on the findings above, it is

---

[16] If the District Court adopts this court's recommendation to dismiss all of plaintiff's claims, the defendants' cross claims for contribution and indemnity can be also dismissed, as moot.

**ORDERED** that plaintiff's application to file his sur-reply (Dkt. No. 47) is **GRANTED** and that defendants' objections to the filing of that submission (Dkt. Nos. 48, 50) are **DENIED**. And, it is

**RECOMMENDED**, that the summary judgment motions of defendants D'Agostino (Dkt. No. 34) and Masiello (Dkt. No. 40) be **GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY** for the reasons stated herein. And it is

**ORDERED** that plaintiff's renewed motion for appointment of counsel (Dkt. No. 47) is **DENIED AS MOOT** in light of this court's recommendation that plaintiff's complaint be dismissed, subject to reconsideration if District Judge Hurd does not adopt this recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: February 10, 2015

Hon. Andrew T. Baxter
U.S. Magistrate Judge